Curia, per
Johnson, J.
The ground for a review
places the reference made under the court to the accountants on the footing of a reference to arbitration by the solicitor without the consent of his clients, and the case of Caldwell v. Child, 1 Rep. in Chan. 104. 1 Ca. Chan. 86, is relied on as decisive of the question. And it would seem that the reporter does put the decision in that case on the ground of the want of authority in the attorney to consent to a reference to *572 arbitration without the consent of his client. My confidence in that decision is, however, much shaken by the review of it by Mr. Kyd in his treatise on Awards, p. 45, 6. He shows, I think, very clearly, that the judgment of the court was sustained on quite a different ground. There the order was, that the submission should be made by bond, and he shows that the attorney was incompetent to bind his client in that way, and therefore the award was void, so that the question was not necessarily involved.
But this case is free from any of the difficulties and perplexities that may exist in relation to that question. The constitution of an attorney or solicitor for the prosecution or defence of a suit, confers on him all the powers necessary to the discharge of that duty according to the forms and usages of the court in which it is depending. Kyd on Awards, 45. 1 Dali. 164. 7 Cranch, 446. And all the profess’on accord that the ^practice to refer matters of account, particularly to persons other than the commissioner of the court, has prevailed since the first organization of the court, under the vari-
ous appellations of special commissioners, assistant commissioners, accountants, &c. And if the order of reference in this cause be examined it will be seen that it is a misnomer to call it a reference to arbitration. The report of the commissioner and the exceptions thereto are referred to them, and they are directed to report thereon to the court, and not to make an award ; and it is also apparent that it was not intended, so far as the intention is to be collected from the order itself, to deprive the court of the power of controlling their report in the same manner that they might the report of the commissioner. At any rate there is nothing in it, either expressed or necessarily implied from the terms of the order, which takes away that power; nor can the circumstance that the accountants have used the term “award” in their report add anything to their own powers or detract from the power of the court. The consent of the solicitor to such a reference, was, therefore, within his general powers, as was also his assent to the confirmation of the report, and is obligatory on his clients. There is no doubt to my mind, that if the complainants’ position, that their solicitor had compromittad their interest by an act unauthorized by them, and not falling within the scope of his general powers, had been maintained, it would have constituted a sufficient ground to authorize a bill of review; but the case does not in point of fact exist. It is, therefore, ordered that the complainant’s bill be dismissed with costs; and that the order directing the sheriff to retain in his hands the amount paid by William Lester and Mary E. Inglesby on account of their testator John Screven, be reversed.

Decree reversed.